<table>
<tr><td>

**DISTRICT COURT, JEFFERSON COUNTY**
**STATE OF COLORADO**

100 Jefferson County Parkway
Golden, CO 80419

</td><td>

DATE FILED: March 10, 2017 2:32 PM
FILING ID: 5795AA72440DB
CASE NUMBER: 2017CV30375

</td></tr>
</table>

| | |
|---|---|
| Plaintiff: **JACK KENNEDY**<br><br>v.<br><br>Defendants:   **TRUMBULL INSURANCE COMPANY** | ▲ Court Use Only ▲ |
| *Attorneys for Plaintiff*:<br>Marco F. Bendinelli (#28425)<br>Katherine L. Merlin (#45672(<br>BENDINELLI LAW FIRM, P.C.<br>9035 Wadsworth Pkwy, Suite 4000<br>Westminster, CO 80021<br>Phone Number: 303.940.9900<br>Fax Number:    303.940.9933<br>Emails: MFB@CoLawFirm.coml; KLM@COLawFirm.com | Case Number:<br><br>Courtroom:<br><br>Div: |

### COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, Jack Kennedy, by and through his attorneys, The Bendinelli Law Firm, P.C., and submits the following Complaint against Trumbull Insurance Company ("Trumbull"), stating and alleging as follows:

### <u>INTRODUCTION</u>

1. Plaintiff was injured on or about June 10, 2011 when a car driven by Holly Crowell (hereinafter the "Tortfeasor") collided with a car driven by Plaintiff (this event referred to hereinafter as the "Incident").

2. At the time of the Incident, Plaintiff resided at 412 Evergreen Road, Black Hawk, Colorado 80422.

3. Defendant is a Connecticut corporation authorized to do business in Colorado.

4. Defendant's principal street address is 7670 S Chester Street, Englewood, Colorado 80112.

5. Defendant's registered agent in Colorado is the Division of Insurance, 1560 Broadway, Denver, CO 80202.

6. The Tortfeasor's negligent operation of her motor vehicle caused the Incident.

7. As a direct and reasonably foreseeable result of the Incident, Plaintiff has suffered, and will suffer, economic damages, non-economic damages, and damages for physical impairment and/or disfigurement.

8. As a direct and reasonably foreseeable result of his injuries, Plaintiff has been rendered more vulnerable to subsequent injury as a result of the Incident.

9. Plaintiff's birth date is September 19, 1962.

10. At the time of the Incident, Plaintiff was 49 years old.

11. Pursuant to C.R.S. § 13-25-103, Plaintiff had a life expectancy of 30.44 additional years at the time of the Incident.

## PERSONAL JURISDICTION

12. Pursuant to C.R.S. § 13-1-124(1)(a), this Court has personal jurisdiction over Defendant because Defendant transacts business in Colorado.

13. Pursuant to C.R.S. § 13-1-124(1)(d), this Court has personal jurisdiction over Defendant because Defendant contracted to insure Plaintiff and his property, both located within Colorado at the time of contracting.

## VENUE

14. Pursuant to C.R.C.P. 98(c)(1), venue is proper in the District Court for the County of Jefferson, because Defendant is a nonresident of the State of Colorado and Jefferson County is the county designated in this Complaint.

## GENERAL ALLEGATIONS

15. At the time of the Incident, the insurance contract known as Policy Number 34PH649503 (hereinafter the "Auto Policy") was in effect between Plaintiff and the Defendant.

16. The Auto Policy included underinsured motorist (UIM) coverage of $250,000.

17. Plaintiff's past damages from the Incident exceed $200,000.

18. Plaintiff will continue to suffer Incident-related wage-loss for the rest of his life.

19. The Tortfeasor had $100,000 in available Bodily Injury coverage, of which $95,000 was offered to Plaintiff.

20. Prior to accepting the Tortfeasor's Bodily Injury policy limits settlement offer, Plaintiff sought and received permission from Defendant.

21. On March 10, 2015, Defendant granted Plaintiff permission to accept the Tortfeasor's $95,000 in Bodily Injury coverage, and to release the Tortfeasor from further liability.

22. At the time of the Incident, the Tortfeasor was underinsured.

23. As a result of the Incident, Plaintiff was legally entitled to collect an amount from the Tortfeasor that exceeded $95,000.

24. Plaintiff received tender of the $95,000 Bodily Injury settlement proceeds on March 19, 2015.

25. Plaintiff put Defendant on notice of a potential UIM claim on April 17, 2013, almost two years prior to the Bodily Injury Settlement.

26. Plaintiff provided Defendant with all of his medical records and bills relating to the Incident by September 15, 2016.

27. On February 16, 2017, Plaintiff sent a letter to Defendant informing them that Plaintiff is unable work more than four hours per day as a result of his injuries from the Incident and advising that he has suffered wage loss as a result. Plaintiff requested that Defendant immediately evaluate his claim.

28. Defendant has an affirmative duty to investigate Plaintiff's claims.

29. Defendant has broad powers under the Auto Policy to investigate Plaintiff's claims including requiring Plaintiff to submit to an Examination Under Oath and requiring their insured to submit to a medical examination.

30. Defendant did not investigate Plaintiff's claim.

31. Defendant did not investigate Plaintiff's claim by having him submit to an Examination Under Oath or requiring him to submit to a medical examination.

32. As of the filing of this Complaint, Defendant has not paid their insured's claim or any portion thereof of Plaintiff's contracted-for UIM benefits.

33. Defendant did not assert that Plaintiff was not complying with his duties to Defendant.

34. As of the filing of this Complaint, Plaintiff has not received an evaluation of his claim from Defendant after producing the wage-loss information.

35. As of the filing of this Complaint, Defendant has not made any further efforts to pay Plaintiff his UIM benefits.

36. As of the filing of this Complaint, Defendant has not provided Plaintiff with a reason for its delayed payment of Plaintiff's UIM benefits since Plaintiff produced his wage-loss information.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

37. Plaintiff hereby incorporates all the foregoing paragraphs.

38. Plaintiff and Defendant entered into an insurance contract known as the Auto Policy.

39. Pursuant to the Auto Policy, Plaintiff paid premiums to Defendant in consideration for insurance coverage provided by Defendant which included benefits for underinsured motorist coverage.

40. Plaintiff substantially performed his part of the contract by paying his insurance premiums.

41. The condition precedent for Plaintiff to access his underinsured motorist benefits under the contract was triggered when the Tortfeasor was underinsured relative to the damages caused to Plaintiff by the Incident.

42. Defendant failed to provide the contracted-for benefits associated with Plaintiff's UIM coverage despite Defendant's knowledge that the Tortfeasor was underinsured, in breach of the contract between Plaintiff and Defendant.

**43.** As a direct and proximate cause of Defendant's breach of the insurance contract, Plaintiff suffered, and will suffer, general and special damages.

## SECOND CLAIM FOR RELIEF
### (C.R.S. § 10-3-1115 Unreasonable Delay & Denial)

44. Plaintiff hereby incorporates all the foregoing paragraphs.

45. Defendant entered into a contract with Plaintiff - the Auto Policy - in part to provide underinsured motorist bodily injury coverage to Plaintiff in exchange for Plaintiff's payment of policy premiums.

46.  Plaintiff made a claim for his underinsured motorist benefits to be paid from Defendant.

47.   Defendant unreasonably delayed payment of those benefits.

48.   Defendant's delay was without a reasonable basis.

49.  As a direct and proximate cause of Defendant's bad faith breach of the insurance contracts, Plaintiff has suffered and will suffer general and special damages.

**THIRD CLAIM FOR RELIEF**
**(Common Law Bad Faith Breach of Insurance Contract)**

50. Plaintiff hereby incorporates all the foregoing paragraphs.

51. Defendant entered into contracts with Plaintiff by means of the Auto Policy, in part to provide underinsured motorist bodily injury coverage to Plaintiff in exchange for Plaintiff's payment of policy premiums.

52. Defendant unreasonably refused to acknowledge coverage of Plaintiff under an insurance contract between Defendant and Plaintiff.

53. Defendant acted unreasonably in misrepresenting insurance policy provisions relating to coverages at issue in the claim.

54. Defendant acted unreasonably by failing to acknowledge and act promptly upon communications with respect to the claim that arose under the insurance contracts between Plaintiff and Defendant.

55. Defendant acted unreasonably in refusing to pay claims within a reasonable time.

56. Defendant acted unreasonably in not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability had become reasonably clear.

57. Defendant's conduct was unreasonable because a reasonably careful insurer would not have taken the actions of Defendant.

58. Defendant knew that its conduct was unreasonable or the Defendant acted recklessly in taking their actions.

59. Defendant recklessly disregarded the unreasonableness of its conduct referenced because it acted with knowledge of facts that indicated that such conduct lacked a reasonable basis.

60. Defendant recklessly disregarded the unreasonableness of its conduct referenced because it acted with deliberate indifference to information concerning the claim.

61. Defendant willfully engaged in said conduct.

62. Defendant's conduct contributed to and caused its delay and denial of Plaintiff's underinsured motorist claim.

63. As a direct and proximate cause of Defendant's violations of C.R.S. § 10-3-1104, Plaintiff suffered and will suffer general and special damages.

64. As a direct and reasonably foreseeable result of Defendant's bad faith breach of the insurance contract, Plaintiff has suffered and will suffer general and special damages.

## DEMAND FOR JURY TRIAL

65.  Plaintiff hereby incorporates all the foregoing paragraphs.

66.  PLAINTIFF DEMANDS TRIAL BY JURY on all of his claims set forth above.

WHEREFORE, Plaintiff, Jack Kennedy, requests that judgment be entered in his favor and against Defendant, Trumbull Insurance Company, for all available relief, including without limitation specific performance; general and special damages; interest, costs, and attorney's fees; and such other relief as this Court deems proper, allowable by law.

Dated this 10th day of March, 2017.

BENDINELLI LAW FIRM, P.C.

*This pleading is filed electronically pursuant to C.R.C.P., 121 § 1-26. The original signed pleading is in counsel's file.*

By:_____/s/ *Marco F. Bendinelli*_____
Marco F. Bendinelli, (#28425)
Katherine Merlin (#45672)
*Attorneys for Plaintiff*

<u>Plaintiff's Address:</u>
412 Evergreen Road
Blackhawk, CO 80422